UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

-----------------------------------------------------------------

| | |
|---|---|
| Jerry Smith, | Court File No. 0:09-cv-02528 (DWF/SRN) |
| Plaintiff, | |
| vs. | **PLAINTIFF JERRY SMITH'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND AND IN OPPOSITION TO THE UNION'S MOTION TO DISMISS** |
| Local Union No. 110, International Brotherhood of Electrical Workers, | |
| Defendant. | |

-----------------------------------------------------------------

**BACKGROUND**

On August 10, 2009, Plaintiff Jerry Smith filed a Statement of Claim with the Ramsey County Conciliation Court against Local Union No. 110, International Brotherhood of Electrical Workers. In the Statement of Claim, a form described and required to be followed by the Conciliation Court Rules of the Minnesota General Rules of Practice for the District Courts, Plaintiff alleged that he was a member in good standing of the Union, that the Union and his employer Ideacomm Mid-America St. Paul, Inc. entered into a labor agreement effective October 1, 2007, which set out, among other terms, provisions governing medical and dental health programs for the duration of the agreement. The Statement of Claim alleged that in the second year of the contract, 2008, the employer breached the agreement by unilaterally increasing the individual and family deductible amounts under the contract, and

stopped paying the employer's share of prescription copay.  Union members complained to the Union about this clear breach, but nothing was done by the Union.

The Statement of Claim alleged that in 2009, the employer further breached the labor agreement by unilaterally increasing the individual and family deductibles again, decreased the required level of coverage payment by the employer after deductibles from 80%, as set out in the contract, to 75%, and increased the employees' out-of-pocket maximum payments for both individual and family coverage.  Again, Plaintiff and several of his colleagues complained to the Union of violations of terms of the labor agreement, but the Union took no steps to either grieve or to enforce the terms of the labor agreement, but instead sought to "mediate".

The Statement of Claim alleges that as a result of the "mediation", there were money damages suffered by Plaintiff of actual medical benefit losses in excess of $1,020.00 for contract year 2008, in excess of $2,400.00 for contract year 2009, and an anticipated loss to Plaintiff in excess of $2,400.00 for the upcoming contract year.  Plaintiff sought damages against the Union for $5,820.00 plus $75.00 for Plaintiff's filing fee.

The Union removed the case from Ramsey County Conciliation Court to this Court alleging that "this court has original jurisdiction over a claim of breach of a union's duty of fair

representation under the Labor Management Relations Act.  29 U.S.C. §§141, et seq.; ...", on September 17, 2009.  A copy of the Notice of Removal was served upon Plaintiff and Plaintiff's counsel on September 24, 2009.  The Union also filed a Notice of Motion and Motion to Dismiss Plaintiff's Complaint on September 22, 2009, with Plaintiff and his attorney being served with said motion on September 28, 2009.  On October 13, 2009, Plaintiff served and filed his Notice of Motion and Motion to Remand the Case back to the Ramsey County Conciliation Court.  The Union's motion to dismiss and Plaintiff's motion to remand are scheduled to be heard by this Court on December 11, 2009.

## ARGUMENT

### I.   THE UNION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT IS SPECIOUS BECAUSE THERE IS NO COMPLAINT.

Plaintiff Jerry Smith's Statement of Claim filed against the Union in the Ramsey Conciliation Court was made on a form prescribed, approved and required by that Court.  The Statement of Claim contained "A Brief Statement of the Amount and Nature of the Claim, Including Relevant Dates, and the Name and Address of the Plaintiff and Defendant" because that is what is required under Rule 507, one of the Conciliation Court Rules under the Minnesota General Rules of Practice for the District Courts.  There were no specific counts or specific causes of action alleged in the Statement of Claim because Rule 507 and the accepted practice in the Conciliation Courts for Minnesota do not

permit such pleading.  (Affidavit of George L. May).  Minnesota's Conciliation Courts , as the Minnesota Supreme Court has stated, should not be "burdened with rules and traditions which are applicable to courts more formally convened."  <u>Mattsen v. Packman</u>, (dissenting opinion) 358 N.W.2d 48 (Minn. 1984).  The Union's motion, under these circumstances, has absolutely no merit.

## II. **THIS COURT SHOULD EXERCISE ITS DISCRETION UNDER 28 U.S.C. 1441(c) AND REMAND THE ENTIRE CASE BACK TO THE RAMSEY COUNTY CONCILIATION COURT.**

Plaintiff's claims against the Union include claims for breach of contract, breach of trust, failure to process a grievance pursuant to the Union's labor agreement with the employer, bad faith, and the Union's failure to adequately represent Plaintiff, one of its members and his fellow union members who work for the same employer.  Four of these claims are state claims.  Only one, the failure to adequately represent members, is a claim within the purview of this Court's jurisdiction.

With the majority of the possible claims against the Union being State Court claims, this Court has discretion under 28 U.S.C. §1441(c) to remand all matters in which state law predominates back to the State Court, or it may even remand the entire case, including the unresolved federal claim back to the State Court.  <u>Fielder v. Credit Acceptance Corporation</u>, 188

Fed.3d 1031 (8th Cir. 1999).  In Fielder, the Eighth Circuit Court of Appeals discussed a "jurisdictional dilemma".  That dilemma was what to do when there was a single federal claim, but multiple state court claims which presented no federal question in a case before the federal district court.  Attempting to resolve the jurisdictional dilemma of what to do with the "separate and independent" claims in Fielder, the court observed that because the 1990 amendments to 28 U.S.C. 1441(c) "were intended to increase Federal Court discretion to remand, a number of courts have debated whether the term 'separate and independent' now refers only to the nature of the claim, rather than to the underlying factual nucleus, and whether District Courts in applying §1441(c) may remand the entire case, including federal claims, provided that 'state law predominates'. (citations omitted).  The broader construction of §1441(c) would permit remand of this entire case."  188 Fed.3d at 1037.  The Eighth Circuit went on to discuss that while having discretion to remand the entire case, it now had to decide whether to do so. Because of the complexity of the Fielder case involving class action litigation and unsettled state and federal law, the Eighth Circuit remanded a portion of the claims to the State Court, but retained others in the Federal District Court.  Fielder stands for the broad discretionary power which this court possesses on the question of remand.

5

Because the majority of claims in this case are state claims, this Court should exercise its discretion to either sever the improper representation claim and retain it, remanding the remaining State Court claims, or to remand the whole case to the Ramsey County Conciliation Court.  A simple review of the nature of this case dictates that a remand of the entire action is appropriate, and under the facts in this case, mandatory.

### III. **29 U.S.C. §185 DOES NOT DIVEST THE STATE COURT OF JURISDICTION OVER THIS CASE**.

29 U.S.C. §185, entitled "Suits By and Against Labor Organizations" states in pertinent part:

> "(a).  Venue, amounts, and citizenship.
>
> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Under the language of this federal statute, such suits "may" be brought in any District Court of the United States.  The present question before this Court is whether the above federal statute is pre-emptive in divesting a State Court of jurisdiction over a suit for violation of a contract between an employer and a labor organization.

This very question was presented to the United States Supreme Court in the case of Charles Dowd Box Company v. Courtney, 368 U.S. 502, 82 S.Ct. 519 (1962).  In that case, the

Supreme Court construed §301(a) of the Labor Management Relations Act of 1947, the same statute as 29 U.S.C. §185.  The Court held that:

> "The statute does not state nor even suggest that such jurisdiction (in the Federal Court) shall be exclusive.  It provides that suits of the kind described 'may' be brought in the Federal District Courts, not that they must be."

368 U.S. at 506, 82 S.Ct. at 522.  In its opinion, the court cited to the congressional reports, and especially the Senate Report, which dealt and analyzed state procedural law.  The court wrote at 368 U.S. 511, 512 and 82 S.Ct. at 525:

> "The clear implication of the entire record of the congressional debates in both 1946 and 1947, is that the purpose of conferring jurisdiction upon the federal district courts was not to displace, but to supplement, the thoroughly considered jurisdiction of the courts of the various States over contracts made by labor organizations. There seems to have been explicit mention of the question only once-in the Senate debate over s10 of the 1946 bill.  A spokesman for the bill, Senator Ferguson, stated unequivocally that state court jurisdiction would not be ousted by enactment of the federal law:..."

29 U.S.C. §185 does not divest jurisdiction of suits for violations of contracts between an employer and a labor organization from the State Court; it merely permits them to be brought in the Federal Court.  This entire case, including the Section 185 claim, should be remanded to the Ramsey County Conciliation Court.

**IV. THIS COURT AND MINNESOTA STATE COURTS HAVE CONCURRENT SUBJECT MATTER JURISDICTION TO ADJUDICATE ALL OF THE CLAIMS INVOLVED IN THIS SUIT.**

The suit cited by the Union for its authority to remove this action to the Federal Court, does not stand for the proposition which the Union represents that it does. <u>Vaca v. Sipes</u>, 386 U.S. 171, 87 S.Ct. 903 (1967) held that a State Court had jurisdiction of a union member's action against the officers and representatives of his union based on his claim that the union had arbitrarily and without cause refused to take a grievance with his employer to arbitration as provided in the labor agreement's grievance procedure, and that jurisdiction of the State Court was not pre-empted although an unfair labor practice on the part of the union might be involved.  The Supreme Court at 386 U.S. 180, 181, 87 S.Ct. 911 stated:

> "A primary justification for the pre-emption doctrine - the need to avoid conflicting rules of substantive law in the labor relations area and the desirability of leaving the development of such rules to the administrative agency created by congress for that purpose - is not applicable to cases involving alleged breaches of the union's duty of fair representation."

The Minnesota Appellate Courts have also held that the Minnesota court's have concurrent jurisdiction with the Federal Court to hear claims brought by union members for violation of collective bargaining agreements.  However, they must apply federal law. <u>Paoletti v. Northwestern Bell Telephone Company</u>, 370 N.W.2d 672 (Minn.App. 1985), review denied September 26, 1985.

This Court has the clear authority and discretion to remand all of Plaintiff's claims back to the Ramsey County Conciliation Court.

## **CONCLUSION**

Grounds for remand exist under the following established principles:

1. Discretion lies with this Court pursuant to 28 U.S.C. 1441(c);

2. The Court can remand Plaintiff's federal claim with its accompanying predominantly State Court claims against the Union back to the Ramsey County Conciliation Court;

3. Federal jurisdiction with respect to Plaintiff's claim for failure to properly represent Plaintiff by the Union does not exclusively lie in the Federal Court; and

4. Both the Federal Court and the Minnesota Courts have concurrent subject matter jurisdiction under 29 U.S.C. §185 with the only caveat being that the State Court shall apply federal law in deciding the controversy.

The case should be remanded to the Ramsey County, Minnesota Conciliation Court for further proceedings, and this Court should award Plaintiff his costs and attorney's fees incurred by reason of the Union's removal of this case to Federal Court.

Respectfully submitted,
**MAY & O'BRIEN, LLP**

s/George L. May
George L. May (6905X)
204 Sibley Street, Suite 202
Hastings, MN  55033
(651) 437-6300
E-Mail:  gmay@mayobrien.com

*Attorneys for Plaintiff Jerry Smith*

9